*698 The case is stated in the following opinion of the Court, which was delivered by
Summers, J.*
On the 26th of February, 1827, the Grand Jury, Im» pannelled before the Hustings Court of the City of Rich» mond, presented the plaintiff in error, by the name and description of Henry L. Prentis, of the Legislature, for unlawful gaming at a place called the Profile House, in the said City, at a game played with cards, called faro. On this presentment a summons issued, and was returned by the Sergeant, “executed on the 8th March, 1827.” At the March Term of the Hustings Court, (29th of the month,) the plaintiff in error was called, but not appearing, judgment was entered against him for $20, the fine imposed by law, and the costs of the prosecution. On the 27th of June, 1827, he presented a petition to the Hustings Court, setting out his election to the House of Delegates in April, 1826; his attendance as a member of that body, from the first Monday in December following, until the adjournment of the Legislature on the 9th of March, 1827, and the continuance of his privilege whilst returning home, a distance of four hundred and twenty miles: Alleging his exemption from' all process and arrests, except for treason, felony, or breach of the peace, during the continuance of his privilege;† that by operation of law, all process and other proceedings against him, stood suspended for the same period; that the proceedings had in the Hustings Court, were in violation of his privilege as a member of the General Assembly, and praying that a Writ of Error coram vobis might be awarded, in order that the errors complained of might be corrected. On consideration by *699 the Hustings Court, this petition was rejected, and an ox-«option taken, making if part of the record. On the 10th of July, 1827, a Writ of Error was allowed hy the Superior Court of Law of Henrico county, 1,o the judgment of the Hustings Court, overruling the application for a Writ of Error coram nobis; and the cause coming on for trial in that Court, by consent, of the plaintiff and the Attorney for the Commonwealth, the following questions were adjourned to this Court for its decision:
X. Ought the said Writ of Error coram vobis} to have boon awarded by the Hustings Court, according to the petition of the plaintiff?
2. Ought the Superior Court of Law to reverse either, or both, of the judgments of the Court of Hustings, in the record mentioned; and if so, what further proceedings ought to be had thereon ?
3. Ought the Writ of Error, awarded hy the Superior Court of Law, to be quashed ?
If the plaintiff is entitled to n reversal of the judgment pronounced against him by the Hustings Court, we have no doubt of the Writ of Error comm, vnbis, being the proper remedy. This brings us lo the more immediate ques tioos submitted to our consideration,,
It is important that the administration of the government be not interrupted or delayed, by the embarrassment") arising from the private affairs of those who are called into public service; and we have, therefore, examined with care, the decisions which have been made giving effect to exemptions of the character now claimed, and ascertaining the time and. manner in which such exemptions must be insisted on. From this examination, wa are satisfied that the Courts may not, ex officio, take notice of the existence of the privilege. It results, from its nature and character, that it may be waived, and therefore, ought to be claimed whenever relied on. The judicial history of this question does not furnish an example of the allowance of the privilege, but. upon plea, or upon motion, tendered or *700 made, at the period proper for the consideration thereof, by the Court whose proceedings are sought to be abated or suspended. It is not an incapacity iike infancy and coverture, where consent cannot give jurisdiction, and where the irregular exercise of it is void ah initio. It is urged, with some force, that the same embarrassments may be produced, by requiring a member to allege and prove his privilege during its continuance, that would result from the trial of the cause in chief. We think not. The proof of the facts upon which it rests, are easy of attainment, because they are few, and may be adduced, as well in the absence as in the presence of the party. But, if it were otherwise, we think it not the province of the Courts, to extend the law of privilege beyond the limits heretofore prescribed to it by judicial decisions, which the Legislature must have had in view at the period of the enactments on the subject, and which are unaffected by any of the provisions of the statute. Upon the whole matter, we are of opinion, that the Court of Hustings was not bound to take notice of the privilege of the plaintiff, and that his failure to claim the exemption to which it entitled him, until after judgment, was a waiver thereof.
In this opinion, Judges Brockenbrough, Dade and Field do not concur.
The following is to be entered as the judgment of the Court;
This Court is opinion, and doth decide, that the Writ of Error coram vobis ought not to have been awarded by the Hustings Court, on the petition of the plaintiff; which is ordered to be certified.

 Absent, Semple, J,

 1 Rev. Code, p. 163, § 31, by which the privilege continues till his return home, allowing 20 miles a day for travelling.